El Juez Asociado Señor Feliberti Cintrón
emitió la opinión del Tribunal.
A pesar de que los recursos ante nuestra consideración involucran eventos ocurridos en tiempos y lugares diversos y no tienen ninguna relación entre sí, todos presentan la misma controversia. Esto es, en procedimientos criminales ante Jurado, ¿cuál es el momento y la forma apropiada para que las circunstancias agravantes de la pena le sean sometidas a éste? Para ello debemos escudriñar si existen circunstancias en las que la inclusión de los agravantes en los pliegos acusatorios, desde el inicio del procedimiento criminal, pudiera conllevar una violación a los derechos fundamentales del acusado al exponerlo a un perjuicio in-debido antes del Jurado deliberar sobre su culpabilidad. Teniendo dichas interrogantes en mente, pasamos a por-menorizar los hechos que dan lugar a los recursos consoli-dados de epígrafe.
I

CC-2010-0583

El 25 de febrero de 2010 se presentaron dos denuncias en contra del Sr. Alfredo Pagán Rojas (señor Pagán), una por tentativa de asesinato(1) y otra por infracción al Art. 5.05 de la Ley de Armas de Puerto Rico (Ley de Armas),(2) por hechos acaecidos un día antes, es decir, el 24 de febrero de 2010.
*471 Celebrada la vista preliminar, el juez que la presidió encontró causa probable para acusar al señor Pagán por los delitos imputados. Posteriormente, se presentaron las respectivas acusaciones.
El 7 de mayo de 2010 el señor Pagán presentó una mo-ción para la eliminación de los agravantes del pliego acusatorio. En la misma sostuvo que era el juez quien, se-gún su discreción, determina qué agravantes deben pasar al Jurado, como parte de las instrucciones, llegado el mo-mento de la deliberación.
El 11 de mayo de 2010 el Ministerio Público sometió su oposición a la aludida moción para solicitar la eliminación de los agravantes, indicando que, según lo resuelto por este Tribunal en Pueblo v. Santana Vélez, 177 D.P.R. 61 (2009), la exclusión de los agravantes en el pliego acusatorio vio-lentaría el debido proceso de ley del acusado.
Así las cosas, el 27 de mayo de 2010 el Tribunal de Pri-mera Instancia emitió una Resolución,(3) mediante la cual acogió la solicitud de la defensa y ordenó al Ministerio Pú-blico eliminar los agravantes de los pliegos acusatorios. Entendió el foro primario que “incluir los agravantes ... en la acusación tendría un efecto inflamatorio, perjudicial, grave, sustancial e insubsanable en el imputado de ser el juicio uno por jurado”. Apéndice del Certiorari, Caso Núm. CC-2010-583, Anejo XIII, pág. 22. El foro primario llegó a esa conclusión, basado en la premisa de que los miembros del Jurado podrían confundir los agravantes con elementos probados del delito y emitir una determinación de culpabilidad.
Inconforme con tal determinación del foro primario, el Procurador General recurrió, mediante recurso de certio-rari, ante el Tribunal de Apelaciones.(4) Argumentó, en sín-tesis, que de acuerdo con lo resuelto en Apprendi v. New *472 Jersey, 530 U.S. 466 (2000), y su progenie, en los casos ventilados ante Jurado, tanto los elementos del delito como los factores que aumentan la pena tienen que imputarse en la acusación y ser probados a satisfacción del Jurado más allá de duda razonable.
El señor Pagán se opuso a la expedición del recurso ale-gando que poner al Jurado en conocimiento de los agravan-tes, previo al veredicto, le ocasionaría perjuicios indebidos y violentaría sus derechos constitucionales.
El 30 de junio de 2010 el Tribunal de Apelaciones dictó sentencia mediante la cual expidió el auto de certiorari y revocó la resolución del Tribunal de Primera Instancia. En-tendió dicho foro que, en ese caso, dado que los agravantes incluidos en la acusación estaban indisolublemente vincu-lados con los delitos imputados, ello no infringiría el debido proceso de ley. Advirtió que, por el contrario, de esta forma el acusado quedaba informado de todos los hechos imputa-dos en su contra para poder delinear su defensa efectiva-mente.
No conforme con dicha determinación, el señor Pagán acudió ante nos señalando los errores siguientes:
A. Erró el Tribunal de Apelaciones al resolver que la inclusión de circunstancias agravantes en los pliegos acusatorios pre-sentados contra el peticionario en el caso de marras, no está reñida con lo resuelto en el caso de Pueblo v. Santana Vélez, 2009 T.S.P.R. 158.
B. Erró el Tribunal de Apelaciones al revocar la resolución emitida por el Tribunal de Primera Instancia que ordenó eli-minar los agravantes alegados en los pliegos acusatorios pre-sentados contra el Sr. Alfredo Pagán Rojas, ya que someter los mismos al jurado antes de rendir un veredicto causaría perjui-cio indebido al peticionario. Certiorari, Caso Núm. CC-2010-583, pág. 4.
El 2 de julio de 2010 el señor Pagán presentó, además, una moción en auxilio de jurisdicción para solicitar la pa-ralización de los procedimientos ante la cercanía de la ce-lebración del juicio en su fondo.
*473 Mediante Resolución emitida el 6 de julio de 2010, ex-pedimos el auto de certiorari solicitado y ordenamos la pa-ralización de los procedimientos pendientes ante el Tribunal de Primera Instancia.

CC-2010-0749

Los recursos CC-2010-0583 y CC-2010-0749 fueron con-solidados dado que, aunque tratan situaciones fácticas que no tienen relación entre sí, plantean la misma controversia. Veamos.
El 9 de abril de 2010 se presentó una denuncia contra el Sr. Jonathan Claudio Parrilla (señor Claudio) por infrac-ción al Art. 404 de la Ley de Sustancias Controladas(5) por posesión de heroína.
Celebrada la vista preliminar, el foro de instancia deter-minó causa probable para acusar al señor Claudio y, en conformidad, autorizó la presentación de la acusación correspondiente.
La acusación, además de imputar la infracción al Art. 404 de la Ley de Sustancias Controladas, supra, y el esta-tus de reincidente del acusado, incluyó como agravante que el acusado había planificado el hecho delictivo.
Inconforme, el 9 de junio de 2010 el señor Claudio so-metió una moción para solicitar la eliminación de los agra-vantes de la acusación. Alegó que éstos forman parte de las instrucciones que el juez de instancia debe impartir al Ju-rado al momento de la deliberación, luego de un análisis de la prueba presentada.
El 18 de junio de 2010 el Ministerio Público sometió su oposición a la moción antes aludida, al amparo del argu-mento de que la exclusión implicaría violentar el debido proceso de ley del acusado.
Atendiendo la solicitud del señor Claudio, el 21 de junio de 2010 el Tribunal de Primera Instancia emitió una reso- *474 lución mediante la cual ordenó al Ministerio Público elimi-nar los agravantes del pliego acusatorio. No conforme con dicha determinación, el Procurador General recurrió opor-tunamente ante el Tribunal de Apelaciones. En cumpli-miento con una resolución del tribunal apelativo interme-dio, el 23 de julio de 2010 el señor Claudio presentó un Escrito de Mostrar Causa, oponiéndose a la expedición del recurso instado por el Procurador General.
El 12 de agosto de 2010 el Tribunal de Apelaciones dictó sentencia mediante la cual revocó la resolución emitida por el foro primario, permitiendo, de ese modo, la inclusión de las circunstancias agravantes en la acusación del señor Claudio. Razonó dicho foro que al incluir los agravantes en la acusación, el acusado conocería todos los hechos impu-tados, lo que sería beneficioso para fines de preparar su defensa. Añadió que, en casos como el presente, en los cua-les los agravantes están indisolublemente vinculados con el delito, nada gana el acusado con eliminarlos de la acu-sación, pues la prueba de cargo necesariamente los incluirá.
En desacuerdo con la sentencia emitida por el Tribunal de Apelaciones, el 20 de agosto de 2010 el señor Claudio acudió ante nos para señalar la comisión de los errores siguientes:
A. Erró el Tribunal de Apelaciones al resolver que en nada se vulnera el debido proceso de ley al permitir que se incluyan las circunstancias agravantes alegadas en el pliego acusatorio presentado contra el Sr. Jonathan Claudio Parrilla, ya que el Artículo 73 de nuestro Código Penal impide que las mismas sean consideradas para agravar la pena.
B. Erró el Tribunal de Apelaciones al revocar la Resolución del Tribunal de Primera Instancia que ordenó eliminar los agravantes alegados en los pliegos acusatorios presentados contra el Sr. Jonathan Claudio Parrilla, ya que someter los mismos al jurado antes de rendir un veredicto causaría perjui-cio indebido al peticionario por la influencia indebida e irreparable que estos tendrían sobre el jurado al momento de rendir su veredicto. Certiorari, Caso Núm. CC-2010-0749, págs. 6-7.
*475 Junto con la petición de certiorari, presentó, además, una moción en auxilio de jurisdicción, para solicitar la pa-ralización de los procedimientos ante el Tribunal de Pri-mera Instancia, dada la cercanía de la fecha del juicio en su fondo(6) y en aras de que no se tornara en académica su solicitud.
Examinada la moción en auxilio de jurisdicción, el 24 de agosto de 2010 emitimos una resolución mediante la cual ordenamos la paralización del juicio en su fondo y la con-solidación del recurso de autos con el CC-2010-583. Ade-más, expedimos el auto de certiorari solicitado.

CC-2011-0373

Posterior a la consolidación de los casos antes reseña-dos, se presentó el recurso CC-2011-0373. Por plantear una controversia similar a la de los otros dos recursos, el 19 de agosto de 2011 emitimos una resolución ordenando la con-solidación del recurso CC-2011-0373 con estos. A continua-ción resumimos los hechos que dieron paso a este último recurso.
El 19 de marzo de 2010 se presentaron varias denuncias en contra del Sr. Luis Lugo Morales (Sr. Luis Lugo) y el Sr. Joel Lugo Morales (Sr. Joel Lugo) por los delitos siguientes: asesinato en primer grado,(7) dos cargos por tentativa de asesinato(8) y dos cargos por infracción al Art. 5.04 de la Ley de Armas.(9) Además, al Sr. Joel Lugo se le sometieron dos cargos por infracción al Art. 5.15 de la Ley de Armas.(10)
Conforme con los requerimientos procesales para delitos de naturaleza grave, el 21 de abril de 2010 se celebró la *476 vista preliminar en contra del Sr. Luis Lugo. En la misma se encontró causa probable para acusarlo por los delitos de asesinato en primer grado e infracción al Art. 5.04 de la Ley de Armas, supra. Del mismo modo, se celebró la vista preliminar en contra del Sr. Joel Lugo, en la cual se encon-tró causa probable para acusarlo por los delitos de asesi-nato en primer grado, por infracción al Art. 5.04 de la Ley de Armas (dos cargos), supra, y por infracción al Art. 5.15 de la Ley de Armas (dos cargos), supra.
El 13 de julio de 2010 se presentaron acusaciones en-mendadas conjuntas en contra de ambos imputados. En las mismas, además de los elementos de los delitos, se alega-ron circunstancias agravantes para fines de las penas que, en su día, pudieran recaer sobre ellos. No conforme con la inclusión de los agravantes, el Sr. Joel Lugo presentó una moción ante el Tribunal de Primera Instancia para solici-tar su eliminación.(11) Basó su contención en el hecho de que someter “los agravantes en las acusaciones tendría un efecto inflamatorio, peijudicial, grave, sustancial e insub-sanable en el acusado”. Apéndice del Certiorari, Caso Núm. CC-2011-0373, Anejo X, pág. 30. El Ministerio Público so-metió su oposición alegando que para que el Jurado pu-diera entender en los agravantes, según lo resuelto por el caso Pueblo v. Santana Vélez, supra, los mismos debían ser incluidos en la acusación. Argumentó, además, que dicho curso de acción era una exigencia del debido proceso de ley.
En la conferencia con antelación al juicio celebrada el 16 de septiembre de 2010, el foro primario declaró “con lugar” la moción de eliminación de los agravantes, por lo que, como resultado, ordenó al Ministerio Público su eliminación.(12)
*477 Inconforme, la entonces Procuradora General acudió al Tribunal de Apelaciones para alegar que el Tribunal de Primera Instancia había errado al ordenar la eliminación de los agravantes de las acusaciones.
En respuesta, los acusados presentaron escritos por se-parado oponiéndose a la expedición del recurso de certio-rari solicitado. Adujeron, en síntesis, que el foro primario había actuado correctamente al decretar la eliminación de los agravantes de la acusación, según la premisa de que se les causaría un perjuicio indebido de someter los mismos al Jurado antes de que éstos rindieran un veredicto. Señala-ron, además, que el Ministerio Público tenía disponible las vistas provistas en las Reglas 162.4 y 171 de Procedi-miento Criminal, 34 L.P.R.A. Ap. II, las cuales vislumbran la posibilidad de probar los agravantes ante el Jurado luego de rendido un veredicto.
El 30 de diciembre de 2010 la Procuradora General pre-sentó una moción en auxilio de jurisdicción para la parali-zación de los procesos que se ventilaban ante el tribunal de instancia. Ese mismo día, el foro apelativo intermedio or-denó la paralización de los procedimientos, según solicitado.
El 24 de febrero de 2011 el Tribunal de Apelaciones, por voz de la Hon. Olga Birriel Cardona, Juez de Apelaciones, dictó sentencia mediante la cual concluyó que para atender los reclamos de las partes, lo que procedía era presentar una acusación y un pliego de agravantes en documentos separados. De ese modo, los agravantes no le serían sumi-nistrados al Jurado antes de éstos emitir el veredicto correspondiente.
Inconforme aún, la Procuradora General acudió ante nos planteando como único señalamiento de error lo si-guiente:
*478 Erró el Tribunal de Apelaciones al resolver que no procede alegar, en una acusación, los hechos que agravan la pena más allá del máximo estatutario. Certiorari, Caso Núm. CC-2011-0373, pág. 6.
Vistos los recursos presentados acordamos expedir. La controversia que está hoy ante nuestra consideración se circunscribe a determinar cuál es el momento apropiado para que las circunstancias agravantes de la pena le sean sometidas al Jurado de modo que se garanticen los dere-chos fundamentales del acusado a una debida notificación de todo aquello que se le imputa, a la vez que le salva-guarda un debido proceso de ley ante un Jurado justo e imparcial y sin que se afecte su derecho a la presunción de inocencia.
Luego de contar con la comparecencia de todas las par-tes nos encontramos en posición de resolver y así procede-mos a hacerlo.
I — I 1 — 1
A. Debido proceso de ley y la notificación adecuada
Uno de los derechos fundamentales que cobija a toda persona que enfrenta una acusación en su contra es el derecho a ser juzgado siguiendo el proceso establecido en ley. Dicho derecho, reconocido como de estirpe constitucional, se encuentra consagrado en las Enmiendas V y XIV de la Constitución de Estados Unidos(13) así como en el Art. II, Sec. 7 de la Constitución de Puerto Rico(14) El derecho *479 fundamental al debido proceso de ley se manifiesta en dos dimensiones: la sustantiva y la procesal. Domínguez Castro et al. v. E.L.A. I, 178 D.P.R. 1 (2010). En su esfera sus-tantiva, “el Estado está impedido de aprobar leyes o reali-zar alguna actuación que afecte de manera irrazonable, arbitraria o caprichosa los intereses de propiedad o liber-tad de los individuos...”. (Citas omitidas). Hernández v. Secretario, 164 D.P.R. 390, 394-395 (2005).
En su vertiente procesal, por su parte, el debido proceso de ley impone al Estado la obligación de garantizar a los individuos que cualquier interferencia con sus intereses de propiedad o libertad se hará a través de un procedimiento que será justo y equitativo. Calderón Otero v. C.F.S.E., 181 D.P.R. 386 (2011); Pueblo v. Montero Luciano, 169 D.P.R. 360 (2006). Por ello, el debido proceso de ley en su ámbito procesal comprenderá todas las garantías procesales míni-mas que el Estado deberá proveer a todo individuo ante cualquier intromisión con su vida, propiedad o libertad. Alamo Romero v. Adm. de Corrección, 175 D.P.R. 314 (2009).
En aras de alegar un reclamo de debido proceso de ley, deberá existir un interés individual de propiedad o libertad que pueda verse afectado por la intervención del Estado. Picorelli López v. Depto. de Hacienda, 179 D.P.R. 720 (2010); Pueblo v. Esquilín Maldonado, 152 D.P.R. 257 (2000). “Identificado dicho interés, procede determinar cuál es el procedimiento exigido, procedimiento que debe caracterizarse por ser justo e imparcial”. Hernández v. Secretario, supra, pág. 395.
Hemos reconocido, en un sinnúmero de ocasiones, que el debido proceso de ley, en su modalidad procesal, instituye varios requisitos fundamentales con los que todo procedimiento adversativo debe cumplir para garantizar las exigencias mínimas del mismo. Entre ellos cabe destacar:
*480 (1) notificación adecuada del proceso; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (4) derecho a contrain-terrogar testigos y examinar evidencia presentada en su contra; (5) tener asistencia de abogado, y (6) que la decisión se base en el récord. (Corchetes omitidos y énfasis nuestro). Domínguez Castro et al. v. E.L.A. I, supra, pág. 47, citando a Rivera Rodríguez & Co. v. Lee Stowell, etc., 133 D.P.R. 881, 889 (1993); Hernández v. Secretario, supra, págs. 395-396.
De modo que para que un procedimiento cumpla con el debido proceso de ley en su vertiente procesal, éste debe comenzar con una notificación adecuada del proceso. Conforme con dicho principio, tanto la Enmienda VI de la Constitución de Estados Unidos(15) como la Sec. 11 del Art. II de la Constitución de Puerto Rico(16) reconocen que en todo procedimiento criminal el acusado tendrá derecho a ser notificado de la causa de acción en su contra. Específicamente dispone nuestra Carta Magna(17) en su parte pertinente: “En todos los procesos criminales, el acusado disfrutará del derecho... a ser notificado de la naturaleza y causa de la acusación recibiendo copia de la misma...”. (Énfasis nuestro). Art. II, Sec. 11, Const. P.R., L.P.R.A., Tomo 1, ed. 2008, pág. 343.
Es a través del debido proceso de ley, como de la dispo-sición constitucional antes reseñada, que se le exige al Es-tado el deber de informar adecuadamente al acusado de la naturaleza y extensión del delito por el cual se le acusa. Pueblo v. González Olivencia, 116 D.P.R. 614 (1985). Será, entonces, por medio de la acusación o de la denuncia que el fiscal cumplirá con su deber de informar. Pueblo v. Montero Luciano, supra.
*481 La Regla 34 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, define la acusación como aquella “alegación escrita hecha por un fiscal al Tribunal de Primera Instancia en la cual se imputa a una persona la comisión de un delito”. Sobre el contenido de la misma el inciso (c) de la Regla 35 del mismo cuerpo legal, 34 L.P.R.A. Ap. II, establece que ésta ha de incluir una exposición de los hechos esenciales constitutivos del delito utilizando para ello términos sencillos y claros, de modo que cualquier persona de inteligencia común pueda entenderla. Pueblo v. González Olivencia, supra.
El propósito de la acusación “no es cumplir mecánicamente con una forma ritual, sino informar al acusado el delito que se le imputa, de tal suerte que pueda preparar adecuadamente su defensa”. (Citas omitidas). Pueblo v. Meléndez Cartagena, 106 D.P.R. 338, 341 (1977). Es decir, el pliego acusatorio le permitirá al acusado preparar su defensa en conformidad con los hechos que en éste se imputan. Pueblo v. Ríos Alonso, 156 D.P.R. 428 (2002).
Así, reiteradamente hemos destacado que, aunque no hay una forma específica para redactar las acusaciones, es imprescindible que sirva como una notificación adecuada y completa del delito imputado. Pueblo v. Calviño Cereijo, 110 D.P.R. 691 (1981).
Además de que, como mencionamos anteriormente, la acusación o denuncia tiene que exponer todos los hechos que forman parte del tipo delictivo, en Pueblo v. Montero Luciano, supra, resolvimos que, conforme a las disposicio-nes de la Regla 48 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, si el Ministerio Público quiere alegar la condición de reincidente del acusado, está obligado a incluir sus convic-ciones anteriores en dicha acusación o denuncia.
A esos efectos, específicamente dispone la Regla 48 de Procedimiento Criminal, supra, lo siguiente:
*482 Una acusación o denuncia no deberá contener alegación al-guna de convicciones anteriores del acusado, a menos que una alegación en tal sentido fuere necesaria para imputar la comi-sión de un delito, o para alegar la condición de reincidente, de subsiguiente o de delincuencia habitual en relación con el acusado.
Reconocimos que “[djicha disposición forma parte de la protección constitucional del acusado de estar debida-mente informado de los cargos en su contra, y con la obli-gación del fiscal de probar todos los elementos de un delito más allá de duda razonable”. (Enfasis omitido). Pueblo v. Montero Luciano, supra, pág. 375. Es, entonces, por virtud de la propia Regla 48 de Procedimiento Criminal, supra, que se estableció el deber del Ministerio Público de alegar la reincidencia en la acusación, aun cuando esta condición no sea un elemento constitutivo del delito. Id., pág. 388.
B. Pueblo v. Santana Vélez y el derecho ajuicio por jurado
El derecho a juicio por jurado, también de estirpe constitucional, se encuentra consagrado en la Sec. 11 del Art. II de la Constitución de Puerto Rico.(18) La mencio-nada disposición establece sobre el particular lo siguiente:
En los procesos por delito grave el acusado tendrá derecho a que su juicio se ventile ante un jurado imparcial compuesto por doce vecinos del distrito, quienes podrán rendir veredicto por mayoría de votos en el cual deberán concurrir no menos de nueve. (Énfasis nuestro). íd., pág. 343.
En la jurisdicción federal, hace aproximadamente una década, el Tribunal Supremo se confrontó ante una contro-versia que requería armonizar el derecho del acusado a que cualquier determinación que implicara la pérdida de su libertad se hiciese cumpliendo con el debido proceso de ley (Enmienda XIV), a la vez que garantizara su derecho a disfrutar de un juicio rápido y público ante un Jurado im- *483 parcial (Enmienda VI). En Apprendi v. New Jersey, supra, el Máximo Foro Federal resolvió que, excepto por aquellos hechos relacionados con la reincidencia, cualquier circuns-tancia que aumente la pena de un delito más allá del límite estatutario tiene que ser sometida ante el Jurado y pro-bada más allá de duda razonable.
Como resultado de esta norma, nos enfrentamos, hace tres años, a cuestionamientos de la misma índole. Así, en Pueblo v. Santana Vélez, supra, tuvimos la oportunidad de adoptar esta pauta en nuestra jurisdicción. Cónsono con la directriz federal resolvimos que, en los casos ventilados ante Jurado, los agravantes de la pena tienen que ser sometidos ante éste y ser probados más allá de duda razonable, salvo que los mismos sean aceptados por el acusado. Todo lo anterior en abierto reconocimiento al derecho constitucional del acusado a disfrutar plenamente de su juicio por jurado.(19)
Aprovechamos esa oportunidad, además, para estable-cer los procedimientos en la determinación de los agravan-tes, cuando los casos son ventilados ante un Jurado. En específico, dispusimos:
En casos en que los agravantes surjan de la prueba admisible presentada, el Ministerio Público podrá solicitar al Tribunal que éstos se le sometan al jurado en conjunto con la determi-nación de culpabilidad o inocencia. En caso de que el jurado emita un veredicto de culpabilidad, deberá determinar igual-mente si encontró probados más allá de duda razonable los agravantes imputados.
Por el contrario, si es necesario presentar prueba adicional a la requerida para establecer la comisión del delito que no sería admisible durante el juicio o si el juez considera que se le causaría un perjuicio indebido al acusado al someter los agra-vantes antes de rendirse el veredicto, entonces el procedi- *484 miento a seguir será similar al que se lleva a cabo actual-mente al amparo de las Reglas de Procedimiento Criminal. Según las Reglas 162.4 y 171 de Procedimiento Criminal tanto el acusado como el fiscal podrán solicitar del tribunal que es-cuche prueba de circunstancias atenuantes o agravantes a los fines de la imposición de la pena... El Ministerio Público podrá hacer uso de las vistas que conceden dichas reglas para pre-sentar prueba sobre los agravantes que estime pertinentes imputar. El Jurado, en esos casos, no sería disuelto inmedia-tamente luego de emitirse el veredicto, sino que tendrían que realizar la determinación de los agravantes más allá de duda razonable a base de la prueba desfilada en el juicio o a base de prueba adicional que el Ministerio Público presente en dicha vista. De los agravantes no ser probados más allá de duda razonable por el Jurado, el juez estará obligado a imponer la pena fija, salvo que considere probadas circunstancias ate-nuantes que le permitan conceder una pena menor. (Escolios y cita omitidos). Pueblo v. Santana Vélez, supra, págs. 77-78.
Según intimado en Pueblo v. Santana Vélez, supra, para presentar prueba sobre la existencia de atenuantes o agravantes, las Reglas de Procedimiento Criminal disponen sobre la posibilidad de celebrar una vista separada a esos efectos. Sobre el particular, la Regla 162.4 de Procedimiento Criminal, supra, expresa, en su parte pertinente lo siguiente:
Tanto el acusado como el fiscal podrán solicitar del tribunal que escuche prueba de circunstancias atenuantes o agravan-tes a los fines de la imposición de la pena. Si de las alegaciones sometidas surgiere que existe controversia real sobre un hecho material que requiriere la presentación de prueba, entonces el tribunal celebrará una vista en el más breve plazo posible...
Del mismo modo, la Regla 171 del mismo cuerpo legal, supra, vislumbra esta opción al disponer que el tribunal puede, ya sea motu proprio, o a instancia de cualquiera de las partes, oír, en el más breve plazo posible, prueba de circunstancias agravantes o atenuantes para fines de la imposición de la pena.
La importancia de fijar una norma sobre cómo han de *485 establecerse los agravantes, en los casos ventilados ante Jurado, quedó al descubierto en la esfera federal desde Apprendi v. New Jersey, supra. Posteriormente, el Tribunal Supremo federal se enfrentó a otros cuestionamientos de la misma índole, por lo que la norma fue extendida a varios sistemas de imposición de penas. Véanse, por ejem-plo: Cunningham v. California, 549 U.S. 270 (2007) (donde el Tribunal Supremo federal sostuvo que la Ley de Senten-cias Determinadas del Estado de California, la cual auto-rizaba al juez y no al jurado, a pasar juicio sobre hechos que exponían al acusado a una pena más allá del límite estatutario, violentaba el derecho del acusado a un juicio por jurado); United States v. Booker, 543 U.S. 220 (2005) (donde se estableció que las guías federales de imposición de penas están sujetas a los requerimientos de la Sexta Enmienda); Blakely v. Washington, 542 U.S. 296 (2004) (donde se sostuvo que imponer al acusado una pena más allá del límite estatutario, fundamentado en que el juez sentenciador encontrara que el acusado actuó con delibe-rada crueldad, violenta el derecho del acusado a juicio por jurado salvaguardado en la Sexta Enmienda).(20)
Debido a que Pueblo v. Santana Vélez, supra, fue deci-dido al amparo de las disposiciones del Código Penal de 1974, es menester revisar qué dispone el Código Penal de 2004, sobre el particular.(21)
A esos efectos, el Art. 74 de dicho Código Penal, 33 L.P.R.A. sec. 4702, específicamente dispone:
En la fijación de la pena se observarán, según haya o no circunstancias atenuantes o agravantes, las siguientes reglas:
*486 (a) Cuando no concurran circunstancias atenuantes ni agravantes, o cuando concurran unas y otras, se seleccionará la pena mediana del intervalo de pena señalado en este Código para el delito, tomando en consideración las circunstancias personales del convicto, las necesidades de prevención y la mayor o menor gravedad del hecho.
(b) Cuando concurran una o varias circunstancias agravan-tes se seleccionará la pena de la mitad superior del intervalo de pena establecido por este Código para el delito.
(c) Cuando concurran dos o más circunstancias atenuantes o una sola, pero que el juez estime de peso, se seleccionará la pena de la mitad inferior del intervalo de pena establecido por este Código para el delito.
Así pues, según el modo como se encontraba diseñado nuestro sistema de derecho penal al momento de los he-chos de los recursos ante nuestra consideración, igual-mente le aplica la norma establecida en Pueblo v. Santana Vélez, supra, a los casos en que el juicio no se celebre ante un tribunal de derecho(22) A esos efectos, será menester que sea el Jurado el responsable de hacer una determina-ción concerniente a los agravantes de manera que ponga al tribunal sentenciador en posición de decretar la pena que corresponda, según la apreciación de los hechos que realice el Jurado.
La aplicación de lo resuelto en Apprendi v. New Jersey, supra, en lo que respecta al rol del Jurado cuando se atri-buyen agravantes, ha generado debate entre los tribunales sobre el contenido de los pliegos acusatorios. Algunos esta-dos han optado por incluir los agravantes en este documento. Véase, por ejemplo, State v. Wimbish, 555 S.E.2d 329 (2001). Otros, sin embargo, aun cuando han reconocido que los agravantes tienen que ser sometidos al Jurado y probados ante éstos más allá de duda razonable, han sostenido que no por ello los agravantes deban formar parte de la acusación. Véanse, por ejemplo: State v. Sán- *487 chez, 242 P.3d 692 (2010); State v. Badoni, 62 P.3d 348 (2003); Skinner v. State, 843 So.2d 820 (2002); State v. Edwards, 810 A.2d 226 (2002); Poole v. State, 846 So.2d 370 (2001).
Según el artículo Apprendi in the States: The Virtues of Federalism as a Structural Limit on Errors,(23) la mayoría de los estados de la Unión se han inclinado a resolver que los agravantes no tienen que aparecer en el pliego acusatorio. Añade que algunos de ellos, inclusive, han op-tado por ordenar que los agravantes sean detallados en pliegos de particulares.
Este asunto, en específico, nunca ha estado ante nues-tra consideración. Por lo tanto no existe, ni jurisprudencial ni estatutariamente, una norma que rija sobre el particular.(24) Es precisamente por ello que hoy nos toca pautar las guías procesales necesarias para atender la problemática que se nos plantea, teniendo siempre en mente nuestra obligación de garantizarle al acusado las protecciones constitucionales.
III
El Estado fundamenta su deber de incluir los agravan-tes en la acusación en la necesidad de cumplir con el de-bido proceso de ley y en el cumplimiento de la norma que dispone que los agravantes tienen que someterse ante el Jurado y probados más allá de duda razonable. Los acusa-dos, por su parte, entienden que desglosar los agravantes en el pliego acusatorio tendría un efecto inflamatorio, per-judicial, grave, sustancial e insubsanable en éstos, y aten- *488 taría contra sus derechos fundamentales a la presunción de inocencia y a ser juzgados ante un jurado imparcial y libre de prejuicios.
Luego de un concienzudo examen de los argumentos presentados y en aras de salvaguardar todos los preceptos constitucionales que aquí se reclaman, establecemos que la mejor práctica en estos casos es que el Ministerio Público presente dos pliegos por separado: uno de ellos imputando la comisión del delito y el otro detallando las circunstancias que podrían agravar la pena.(25)
Cuando de la prueba admisible para establecer la comi-sión del delito imputado surja igualmente evidencia sobre los agravantes, el Ministerio Público podrá solicitar al tribunal que ambos pliegos se le sometan al Jurado conjun-tamente para que, luego de emitir su veredicto, de este ser de culpabilidad, determinen si los agravantes fueron pro-bados más allá de duda razonable.(26) Bajo estas circuns-tancias, el juez, dentro de su discreción, deberá auscultar, primeramente, si darle a conocer al Jurado los agravantes, previo al veredicto, le causaría un perjuicio indebido al acusado. Del juez determinar que no se le estaría ocasio-nando un perjuicio indebido al acusado, se entregarán am-bos pliegos para que, de ser el veredicto de culpabilidad, en el mismo acto el Jurado determine si los agravantes fueron probados más allá de duda razonable. No obstante, del juez concluir que sí se estaría exponiendo al acusado a un per-juicio indebido, no se permitirá la entrega de ambos pliegos *489 al Jurado y, en su lugar, la determinación atinente a los agravantes se hará según explicamos a continuación.
Cuando, durante el transcurso del juicio no surja toda la prueba necesaria para establecer los agravantes(27) o si el juez considera que se le causaría un perjuicio indebido al acusado de someter el pliego de agravantes antes de que se rinda el veredicto, se celebrará una vista posterior, ante el Jurado, donde tanto el acusado como el fiscal podrán pre-sentar prueba de circunstancias atenuantes o agravantes, según corresponda, para la imposición de la pena.(28) Es en ese momento que al Jurado se le entregará el pliego sobre los agravantes. En estos casos, el Jurado no será disuelto luego de emitido el veredicto, sino que, según establecimos en Pueblo v. Santana Vélez, supra, pág. 78, “tendrían] que realizar la determinación de los agravantes más allá de duda razonable a base de la prueba desfilada en el juicio o a base de prueba adicional que el Ministerio Público pre-sente en dicha vista”.
Al desglosar los agravantes en un pliego separado, se elimina la posibilidad de ocasionar un perjuicio indebido al acusado al momento del Jurado deliberar sobre su culpa-bilidad, a la vez que se da paso a una notificación oportuna al imputado de lo que podría enfrentar en el trámite de su caso y, de este modo, pueda preparar su defensa adecuadamente. En consecuencia, se cumple con los pre-ceptos constitucionales que promueven un juicio rápido y público ante un Jurado imparcial, así como el derecho del acusado a ser juzgado conforme las garantías exigidas por el debido proceso de ley.
Con la implantación de este mecanismo dual, ratifica-mos la máxima de que en el cumplimiento con el debido proceso de ley, debe garantizarse al acusado un conoci- *490 miento adecuado y completo de todos los pormenores a los que se expone en el proceso criminal instado en su contra. A la vez, atemperamos el riesgo de perjuicio indebido al contaminar innecesariamente la mente del Jurado previo a su deliberación.
Reconocemos, igualmente, la norma desarrollada por Apprendi v. New Jersey, supra, y su progenie, adoptada posteriormente por este Tribunal en Pueblo v. Santana Vé-lez, supra, a los efectos de que cualquier hecho que au-mente la pena del acusado, excepto aquellos relativos a convicciones anteriores, tienen que ser sometidos a la con-sideración del Jurado y probados más allá de duda razonable.
Al emitir esta decisión estamos conscientes de que, se-gún alertamos en Pueblo v. Santana Vélez, supra, es posi-ble que durante el transcurso del juicio el Jurado conozca hechos que podrían constituir agravantes para la imposi-ción de la pena. Esto, sin embargo, no afecta nuestra de-terminación hoy. El dictamen respecto a dónde deben apa-recer consignados los agravantes para propósitos de cumplir con la notificación debida al acusado, a la vez de evitarle un perjuicio indebido al ser juzgado por un Jurado, es separado del asunto de cómo debe presentarse la prueba para establecer hechos que constituyen agravantes que ha-brán de impactar la magnitud de la sentencia que ha de imponérsele en su día. Es indudable que, en ocasiones, existen hechos que están íntimamente ligados a la comi-sión del delito y que, a la misma vez, podrían constituir agravantes para efectos de la pena, por lo que, en términos prácticos habrá casos en los que se estará presentando prueba sobre dichos agravantes durante el juicio, sin nece-sidad de pasar prueba sobre los mismos en una vista posterior sobre agravantes. Dentro de esas circunstancias, no se le estaría ocasionando un perjuicio indebido al acusado al recibir esta evidencia como parte del juicio, pues el Ju- *491 rado no estará enterado de la naturaleza de esos hechos en calidad de agravantes, sino como elementos del delito.
Por lo tanto, la presentación de dos pliegos, uno donde se consigna la acusación y el otro donde se detallan los agravantes, en nada altera el proceso previamente ex-puesto y que va a tono con los derechos constitucionales del acusado. Además, dicho esquema concede al juez amplia discreción(29) para decidir cuál es el momento más apro-piado para someter los agravantes al Jurado y que este último determine si los mismos han quedado probados más allá de duda razonable, salvaguardando, de ese modo, to-dos los principios constitucionales en cuestión.
Señalamos, además, que no nos persuaden los argumen-tos del Ministerio Público conducentes a justificar la inclu-sión de los agravantes en el pliego acusatorio fundados en la economía procesal. Según está diseñado nuestro sistema procesal penal y conforme establecimos recientemente en Pueblo v. Santana Vélez, supra, nuestro ordenamiento actual provee para la celebración de una vista de agravantes posterior a la determinación de culpabilidad del acusado. Definitivamente, y según lo alegado por los acusados, la economía procesal no puede ir por encima de su derecho constitucional a disfrutar de un juicio justo ante un Jurado libre de prejuicios. La primacía de la que gozan los dere-chos constitucionales en nuestro ordenamiento jurídico in-dudablemente les confiere prioridad sobre cualquier re-clamo de economía procesal.
Por último, es preciso aclarar que lo anterior en nada cambia la norma establecida en Pueblo v. Montero Luciano, supra, relativa a que la reincidencia tiene que ale-garse en la acusación, de interesar el Ministerio Público *492 que la misma sea tomada en cuenta para efectos de la sentencia. Además queremos enfatizar que nuestras expre-siones vertidas en el esc. 24 de ese caso, atinentes a que se deben incluir todos los elementos que pudieran agravar la pena en el pliego acusatorio, se hicieron basadas en consi-deración a la notificación que exige el debido proceso de ley. No obstante, este asunto es debidamente atendido en la opinión que hoy emitimos, al requerir la entrega de dos pliegos.
Nuestra opinión en Pueblo v. Montero Luciano, supra, estuvo enmarcada en lo dispuesto en la Regla 48 de Proce-dimiento Criminal, supra, la cual ordena la inclusión de las convicciones anteriores del acusado en la acusación, si el Ministerio Público pretende establecer la condición de reincidente de éste para fines de la imposición de una pena mayor. Queremos resaltar, en contraste, que nuestro orde-namiento no contiene disposición alguna que exija la inclu-sión de los agravantes como parte de la acusación. Enten-demos que una explicación acertada para ello es que, como bien sabemos, la alegación de reincidencia trata sobre unos hechos que ya han sido objeto de adjudicación judicial, mientras que las circunstancias agravantes se refieren a hechos que no han sido objeto de procesos criminales y que están pendientes de ser probados más allá de duda razonable. De modo que incluirlos en la acusación podría provocar el riesgo de que el Jurado los considere, ya sea como hechos probados o los tome en cuenta para determi-nar la culpabilidad del acusado.
Cabe señalar que por ser la norma procesal que hoy pautamos de carácter constitucional aplicable a procesos penales, la misma tiene efecto retroactivo y es de aplica-ción a todos aquellos casos que no hayan advenido finales y firmes. Pueblo v. Thompson Faberllé, 180 D.P.R. 497 (2010); Pueblo v. González Cardona, 153 D.P.R. 765 (2001). Sin embargo, por estar de por medio la discreción judicial, *493 en aquellos casos que se encuentren en la etapa apelativa, el convicto tendrá que demostrar que el juez de instancia abusó de su discreción al someter los agravantes al Jurado en una etapa inoportuna. Sólo en aquellas situaciones en las que se determine que efectivamente medió abuso de discreción se devolverá el caso al foro primario para la emi-sión de los dos pliegos en conformidad con la norma que hoy pautamos y la celebración de un nuevo juicio.(30) Por otra parte, en aquellos casos en los que ya esté en trans-curso el juicio por jurado, corresponderá al juez a cargo de los procedimientos, a requerimiento de la defensa, tomar las medidas que sean necesarias y viables en esa etapa, para evitar el perjuicio indebido al que hacemos referencia en esta opinión.
IV
De acuerdo con lo anterior, confirmamos la Sentencia del Tribunal de Apelaciones en el recurso CC-2011-0373 y revocamos las Sentencias emitidas en los recursos CC-2010-0583 y CC-2010-0749. Devolvemos estos últimos dos casos al Tribunal de Primera Instancia para que, conforme a lo aquí dictaminado, el Ministerio Público someta, a la brevedad posible, un pliego acusatorio que incluya los he-chos constitutivos del delito, así como la reincidencia, de ésta ser aplicable, y otro pliego que contenga únicamente las circunstancias agravantes.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Martínez Torres disintió con una opinión escrita.
*494 — O —

 Art. 106(a) del Código Penal de 2004 (33 L.P.R.A. sec. 4734(a)). Véase, ade-más, el Art. 35 del mismo cuerpo legal, 33 L.P.R.A. sec. 4663.

 25 L.P.R.A. sec. 458d.

 Notificada y archivada en autos copia de la misma el 28 de mayo de 2010.

 Petición de certiorari del 23 de junio de 2010.

 24 L.P.R.A. sec. 2404.

 El juicio estaba pautado para el 25 de agosto de 2010.

 Art. 106 del Código Penal de 2004 (33 L.P.R.A. sec. 4734).

 Arts. 35 y 106 del Código Penal de 2004, supra.

 25 L.P.R.A. sec. 458c.

 25 L.P.R.A. sec. 458n.

 A pesar de no haber sometido ningún escrito a tales efectos, de los autos surge que el Sr. Luis Lugo manifestó, en corte abierta, que se unía al reclamo del Sr. Joel Lugo.

 Anterior a la celebración de dicha vista, el 13 de septiembre de 2010 el Tribunal de Primera Instancia había emitido una Orden que expresaba, en su parte *477 pertinente: “El Ministerio Fiscal someterá los pliegos acusatorios enmendadofs], a los fines que los mismos no incluyan alusión alguna a ‘agravantes’ Apéndice del Certiorari, Caso Núm. CC-2011-0373, Anejo I, pág. 1.

 Emdas. V y XIV, Const. EE. UU., L.P.R.A., Tomo 1, ed. 2008. El principio cardinal del debido proceso de ley aparece recogido en la Enmienda V de la Consti-tución de Estados Unidos de la manera siguiente: “nadie... será privado de su vida, de su libertad o de su propiedad, sin el debido proceso de ley...”. Id., pág. 189. Del mismo modo establece la Enmienda X3V del referido cuerpo legal: “ningún estado privará a persona alguna de su vida, de su libertad o de su propiedad, sin el debido procedimiento de ley...”. íd., pág. 206.

 Art. II, Sec. 7, Const. P.R., L.P.R.A., Tomo 1, ed. 2008. Éste provee en su parte pertinente lo siguiente: “[n]inguna persona será privada de su libertad o pro-piedad sin [un] debido proceso de ley...”. Id., pág. 296.

 Emda. VI, Const. EE. UU„ L.P.R.A., Tomo 1.

 Art. II, Sec. 11, Const. P.R., L.P.R.A., Tomo 1.

 Aun cuando la Constitución federal no reconoce el derecho del acusado a obtener copia de la acusación en su contra, consagra el derecho a la adecuada noti-ficación, al disponer, en su parte pertinente: “En todas las causas criminales, el acusado gozará del derecho... a ser informado de la naturaleza y causa de la acusación...”. Emda. VI, Const. EE. UU., supra, pág. 196.

 Art. II, Sec. 11, Const. P.R., supra.

 En Pueblo v. Santana Vélez, 177 D.P.R. 61, 77 esc. 6 (2009), hicimos la salvedad de que aun cuando dicho caso se ventiló al amparo de las disposiciones del Código Penal de 1974, los principios constitucionales esbozados por el Tribunal Supremo de Estados Unidos, reconocidos en dicha opinión, son igualmente aplicables a las disposiciones del Código Penal de 2004.

 En una opinión reciente del Tribunal Supremo federal, S. Union Co. v. United States, 2012 WL 2344465, 132 S.Ct. 2344 (21 de junio de 2012), dicho Máximo Foro extendió la norma de Apprendi v. New Jersey, 530 U.S. 466 (2000), a la impo-sición de multas penales.

 Debido a que los eventos relevantes a los recursos de epígrafe sucedieron previo al 1 de septiembre de 2012, fecha en la cual entró en vigor el nuevo Código Penal de 2012 mediante la aprobación de la Ley Núm. 146 de 30 de julio de 2012, utilizamos las disposiciones sustantivas correspondientes al Código Penal de 2004.

 Cabe señalar que aunque las provisiones del ya derogado Código Penal de 2004 son las aplicables a los hechos presentes en los recursos de epígrafe, nuestros pronunciamientos en esta Opinión son de igual aplicación al amparo del nuevo Có-digo Penal de 2012.

 S. Bibas, Apprendi in the States: The Virtues of Federalism as a Structural Limit on Errors, 94 J. Crim. L. & Criminology 1, 2-3 (Otoño 2003).

 Aun cuando en Pueblo v. Montero Luciano, 169 D.P.R. 360 (2006), se hicie-ron unas expresiones sobre el particular, la realidad es que lo que tuvo ante su consideración este Tribunal, en aquel momento, fue una cuestión relativa a la rein-cidencia, situación que ya era atendida por la Regla 48 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

 Al inicio de un juicio por jurado se deberá leer únicamente el pliego que imputa la comisión del delito, pero no así el de los agravantes.
El pliego de agravantes deberá estar firmado y jurado por el fiscal, al igual que la acusación.

 Nótese que el Art. 73 del Código Penal de 2004 y el Art. 67 del Código Penal de 2012 (33 L.P.R.A. sec. 4701) establecen que “[l]as circunstancias agravantes o atenuantes que la ley ya haya tenido en cuenta al tipificar el delito, al igual que las que son inherentes al mismo, no serán consideradas en la fijación de la pena”. Siendo así, en aquellas situaciones en que las circunstancias agravantes se relacionen inhe-rentemente con la comisión del delito, éstas no podrán considerarse para aumentar o disminuir la pena, pues el legislador ya las tuvo en cuenta al tipificar y penalizar la conducta delictiva.

 Ya sea porque la misma no estaba relacionada a la comisión del delito o por cualquier otra razón.

 Según mencionamos anteriormente, las Reglas 162.4 y 171 de Procedi-miento Criminal, 34 L.P.R.A. Ap. II, proveen para la celebración de estas vistas.

 Anteriormente hemos indicado que la “ ‘[discreción es, pues, una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera...’ ”. (Enfasis en el original). Pueblo v. Ortega Santiago, 125 D.P.R. 203, 211 (1990), citando a Pueblo v. Sánchez González, 90 D.P.R. 197, 200 (1964).

 En estas instancias, por ser el convicto el que solicita que se anule el primer proceso y se celebre un nuevo juicio, el mismo estaría impedido de alegar la defensa de doble exposición. Pueblo v. Martínez Torres, 126 D.P.R. 561 (1990).